UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   EDCV 20-01420-DSF (PD)                                    Date: August 24, 2020

Title   _Kenneth Roshaun Reid v. Warden Pliler_

Present: The Honorable:   Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| N/A | N/A |

**Proceedings:   (In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed**

### 1. Introduction

On July 10, 2020, Petitioner Kenneth Roshaun Reid, a federal prisoner incarcerated at the U.S. Penitentiary in Victorville, California, and proceeding *pro se,* filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He seeks relief under the First Step Act of 2018 from his drug conspiracy sentence imposed in the District of South Carolina.  [*Id.* at 1, 3-4, 25.[1]]  Petitioner also asserts actual innocence on the ground that a jury must determine the drug quantity attributable and reasonably foreseeable to the individual defendant in conspiracy cases.  [*Id.* at 3-4.]  He further requests that the Court allow him to bring an actual innocence claim under *United States v. Woodson*, 962 F.3d 812 (4th Cir. 2020). [*Id.* at 27.]

---

[1] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-01420-DSF (PD)                                     Date: August 24, 2020

Title     *Kenneth Roshaun Reid v. Warden Pliler*

### 2. Background

#### a. The South Carolina Criminal Case and Post-Conviction Motions

Petitioner was convicted of conspiracy to distribute cocaine base and murder through the use of a firearm in the course of a drug trafficking crime.  The jury found him guilty of conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 but did not reach a unanimous verdict as to the drug weight.  [*United States v. Reid*, CR No. 04-353-CMC (the "South Carolina Case"), Dkt. No. 335.]   Petitioner's sentence included 240 months for the cocaine conspiracy. [*Id.*, Dkt. No. 402 at 2.]  The Fourth Circuit affirmed, concluding that although the district court erred in instructing the jury on the conspiracy charge, Petitioner had failed to demonstrate that the error affected his substantial rights, and that substantial evidence supported the convictions.  *United States v. Reid*, 523 F.3d 310, 315-16 (4th Cir. 2008).

Petitioner has filed numerous post-conviction motions, including a petition pursuant to 28 U.S.C. § 2255 to vacate his convictions based on ineffective assistance of counsel that was denied in September 2010.  [South Carolina Case, Dkt. Nos. 498, 529-30.]  The Fourth Circuit denied a certificate of appealability and dismissed the appeal.  *United States v. Reid*, 419 Fed. Appx. 310 (4th Cir. 2011).

In February 2019, Petitioner filed a motion for reduction of sentence pursuant to the First Step Act of 2018.  [South Carolina Case, Dkt. No. 842.]  On April 17, 2019, the district court denied the motion, concluding as follows:

> Because [Petitioner] was convicted of a crime under § 841(b)(1)(C) (Count 1), and the enactment of the Fair Sentencing Act of 2010 did not reduce the statutory penalties associated with that conviction, he is not eligible for consideration of a reduction under the terms of the First Step Act. Further, his sentence was driven by the murder cross-reference on Count 4, not the drug weight in Count 1. Accordingly, [Petitioner's] motion pursuant to the First Step Act (ECF No. 842) is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-01420-DSF (PD)                           Date: August 24, 2020

Title     *Kenneth Roshaun Reid v. Warden Pliler*

[*Id.*, Dkt. No. 861 (footnote omitted).]  In July 2019, the Fourth Circuit affirmed. *United States v. Reid*, 773 Fed.Appx. 706 (4th Cir. 2019). [*Id.*, Dkt. Nos. 882, 884.]

In October 2019, the district court denied Petitioner's motion for reconsideration of the denial of the First Step Act motion.  [South Carolina Case, Dkt. No. 891.]  Petitioner appealed to the Fourth Circuit, which placed the case in abeyance pending its decision in *United States v. Woodson*,  No. 19-6976.  [*United States v. Reid*, 19-7803, Dkt. No. 10].  The issue before the court in *Woodson* was whether a conviction under 21 U.S.C. § 841(b)(1)(C) is eligible for a First Step Act sentence reduction.

In March 2020, Petitioner filed another motion under the First Step Act, and the district court appointed counsel to represent him.  [South Carolina Case, Dkt. Nos.  901, 904.]  On May 18, 2020, the district court stayed the motion pending the Fourth Circuit's decision in *Woodson*. [*Id.*, Dkt. No. 907.]

On June 24, 2020, the Fourth Circuit issued its decision in *Woodson*, holding that a conviction under 21 U.S.C. § 841(b)(1)(C) is eligible for First Step Act sentencing relief.  *United States v. Woodson*, 962 F.3d 812, 817 (4th Cir. 2020),

### b.  The Prior 28 U.S.C. § 2241 Petition in this Court

In December 2019, Petitioner filed a petition pursuant to 28 U.S.C. § 2241 in this Court seeking relief under the First Step Act.  *Reid v. Pliler*, Case No. EDCV 19-2463-DSF (AGR).  He sought dismissal of the drug conspiracy count and immediate release after reduction of his sentence to time served.  [*Id.*, Dkt. No. 1 at 20-21.]

On January 3, 2020, the court issued a Report and Recommendation that the petition be dismissed for lack of jurisdiction.  "A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so."  *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  Under section 2255's escape hatch, however, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Id*. (citation omitted); 28 U.S.C. § 2255(e).  To meet the "escape hatch"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-01420-DSF (PD)                                    Date: August 24, 2020

Title        *Kenneth Roshaun Reid v. Warden Pliler*

provisions of § 2255(e), Petitioner must show he (1) made a claim of actual innocence and (2) has not had an unobstructed procedural shot at presenting that claim.  *Marrero*, 682 F.3d at 1192.  The court found that Petitioner failed to meet the escape hatch provisions of 28 U.S.C. § 2255(e), as he did not show that he was factually innocent of the drug conspiracy or that his ability to make his claims was procedurally obstructed.  [*Id.*, Dkt No. 4-1 at 4-6.]  The district court accepted the findings and recommendation, entered judgment denying and dismissing the petition, and denied a certificate of appealability.  [*Id.*, Dkt. Nos. 9, 10, 11.]  Petitioner sought reconsideration, which the district court denied.  [*Id.*, Dkt. No. 16.]  Petitioner appealed, and in March 2020 the Ninth Circuit notified Petitioner that a briefing schedule would not be set until the court determines whether a certificate of appealability should issue.  *Reid v. Pliler*, Case No. 20-55248.

3. Discussion

Petitioner seeks relief under the First Step Act for his sentence on the drug conspiracy conviction, making the same arguments as he did in his first section 2241 petition in this court.  As discussed above, the court dismissed that petition for lack of jurisdiction and petitioner's appeal is pending.

Further, to the extent that Petitioner requests that the Court allow him to bring an actual innocence claim pursuant to *United States v. Woodson*, 962 F.3d 812 (4th Cir. 2020), he currently has claims under *Woodson* pending in the District of South Carolina and the Fourth Circuit.

4. ORDER

Accordingly, on or before **September 21, 2020**, Petitioner is ordered to show cause, in writing, (a) why this action should not be summarily dismissed; or (b) file a Notice of Voluntary Dismissal of the action.  **Failure to file a timely response to this Order as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   EDCV 20-01420-DSF (PD)                              Date: August 24, 2020

Title      _Kenneth Roshaun Reid v. Warden Pliler_

**The Court Clerk is directed to provide Petitioner a copy of Form CV-09 – Notice of Dismissal for his convenience.**

**IT IS SO ORDERED.**

|  |  : |
|--|--|
| Initials of Preparer | im |